IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION FILE |
| JOSEPH PROPPS, JR., | NO. 4:18-CR-003-16-MLB-WEJ |
| Defendant. | |

### **NON-FINAL REPORT AND RECOMMENDATION**

Defendant Joseph Propps, Jr. filed a Motion to Suppress the Seizure of his Facebook Accounts [409], which he perfected in an Amended Motion to Suppress the Seizure of his Facebook Accounts [416].  The Government opposes these Motions.  (See Gov't Resp. [451].)

Defendant contends that the April 27, 2017 Affidavit of ATF Special Agent Brian C. Johnson filed in support of an Application for a Search Warrant fails to provide specific and articulable facts to establish probable cause to believe that he committed any criminal acts.  Thus, the Defendant asserts that the results of the search and seizure of information from his Facebook account should be suppressed. The Government responds that Defendant's motion should be denied because the

1

search warrant contained sufficient probable cause to show that evidence of the Defendant's participation in gang activity, drug trafficking crimes and other crimes while in prison, would be found in his Facebook accounts, and that the information was not stale.  Further, in the event this Court were to find that there was not a sufficient nexus between evidence of the criminal activity and the search warrant issued for the contents of the Facebook accounts, the Government contends that Court should still deny the Motions because the agents relied in good faith on a search warrant signed by a United States Magistrate Judge.[1]

"Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999) (per curiam).  "[P]robable cause is a fluid concept–turning on the assessment of probabilities in particular factual contexts." Illinois v. Gates, 462 U.S. 213, 232 (1983).  According to the Supreme Court, the duty of a reviewing court is to ensure that the magistrate had a "'substantial basis

---

[1] The Application and Affidavit for Search Warrant submitted by Special Agent Johnson, as well as the Search Warrant executed by the undersigned, are found at 4:17-MC-4-WEJ (N.D. Ga.) (sealed).

for . . . conclud[ing]' that probable cause existed." Id. at 238-39 (alteration in original) (quoting Jones v. United States, 362 U.S. 257, 271 (1960), overruled on other grounds by United States v. Salvucci, 448 U.S. 83 (1980)). The Eleventh Circuit summarizes the relevant legal standards as follows:

> In attempting to ensure that search warrant affidavits comply with the Fourth Amendment's prohibition against unreasonable searches and seizures resultant from warrants issued without probable cause, the issuing magistrate "is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place. "[P]robable cause deals 'with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" Courts reviewing the legitimacy of search warrants should not interpret supporting affidavits in a hypertechnical manner; rather, a realistic and commonsense approach should be employed so as to encourage recourse to the warrant process and to promote the high level of deference traditionally given to magistrates in their probable cause determinations.

United States v. Miller, 24 F.3d 1357, 1361 (11th Cir. 1994) (alterations in original) (citations omitted).

Given these standards, the undersigned had a substantial basis for concluding that probable cause existed. Special Agent Johnson's Affidavit includes a lengthy factual basis regarding gang members' use of Facebook accounts to communicate, organize, and pass along various types of information, all in furtherance of the

3

organization. (Johnson Aff. [1] ¶¶ 9-21.) The Affidavit sets out that the gang uses social media outlets, particularly Facebook, to proclaim their membership and allegiance to the gang; states that the Facebook public group "Ghost767face family" is a public Facebook account with over 400 members, many of whom are known to law enforcement as members of the Ghostface Gangsters; describes how gang members use Facebook for posting pictures together as a group, using gang signs in photos, and posting picture of their possession of firearms, money, and illegal drugs; cites specific facts for nineteen different accounts used by various gang members, including two accounts used by this Defendant; asserts that the Defendant is a founding member of the gang (known as a "Pillar") and that he has provided amounts of illegal drugs to his fellow gang members; shows that several other Pillars are serving time in prison but are active on Facebook (including co-defendant Bourassa and Martin Dodge); and describes how gang members "friend" each other or allow access to their individual accounts to communicate. The Affidavit shows that the crime alleged is an ongoing conspiracy and that the

4

members presently associate with the gang.[2]  In sum, from reading the Affidavit, it was reasonable for the undersigned to conclude that, given all the circumstances, there was a fair probability that contraband or evidence of a crime would be found in the Defendant's Facebook accounts.

In any event, even if the search warrant lacked probable cause, this Court would still recommend denial of the Motions to Suppress because the agents relied in good faith on a search warrant authorized by the undersigned Magistrate Judge. The Government is not barred from using evidence obtained by officers acting in reasonable reliance on a search warrant issued by a neutral and detached magistrate judge, even if the search warrant is ultimately found to be invalid. See United States v. Leon, 468 U.S. 897, 925 (1984).  The Supreme Court held that the exclusionary rule should not be used to suppress evidence of a crime unless the application and warrant were so defective or deficient that no reasonably well-trained officer would rely on it to authorize the search. Id.  Accordingly, the

---

[2] In reviewing a staleness issue, the Court should consider the nature of the suspected crime–whether it is a discrete crime or an ongoing conspiracy. See United States v. Harris, 20 F.3d 445, 450-51 (11th Cir. 1994). The overall tenor of the Affidavit reveals that the criminal conduct alleged here is ongoing; thus, there is no staleness issue.

evidence seized from the Defendant's Facebook accounts should not be suppressed because the agents relied in good faith on the search warrant issued by this Court.

There are four instances where <u>Leon</u>'s good faith exception does not apply: (1) where the magistrate judge was misled by information in the affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth; (2) where the magistrate judge wholly abandoned his judicial role in the manner condemned in <u>Lo-Ji Sales, Inc. v. New York</u>, 442 U.S. 319 (1979); (3) where the search warrant affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where a warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. <u>Leon</u>, 468 U.S. at 923.

None of the above situations is evident in this case. There are no allegations of false evidence or that the agent misled the undersigned magistrate judge. Second, there is no allegation that the undersigned magistrate judge abandoned his judicial role as neutral and detached. Third, as discussed above, the search warrant was not based on stale information and contained a sufficient nexus to search the Facebook accounts. Last, there is no allegation that the warrant was so facially deficient that the agents could not presume it to be valid. Therefore, under these circumstances,

the officers' reliance on the undersigned Magistrate Judge's determination of probable cause was objectively reasonable, and application of the extreme sanction of exclusion would be inappropriate.

For all the reasons stated above, the undersigned **RECOMMENDS** that Defendant's Motions to Suppress Search and Seizure of Facebook Accounts [409, 416] be **DENIED**.

**SO RECOMMENDED**, this 18th day of October, 2018.

*[signature: Walter E. Johnson]*

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE