# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

United States of America,

v.                                              Case No. 4:18-cr-00003

Joseph M. Propps, Jr. (16),            Michael L. Brown
                                                    United States District Judge
                Defendant.

_____/

## OPINION AND ORDER

Magistrate Judge Walter E. Johnson recommended denial of Defendant Joseph M. Propps, Jr.'s motion to suppress the search and seizure of information from his Facebook accounts. (Dkt. 454.) Defendant Propps objects to that recommendation, as well as the Magistrate Judge's separate denial of his motions for a bill of particulars and to dismiss the superseding indictment on double jeopardy grounds. (Dkts. 406, 407, 467.) The Court accepts the Magistrate Judge's recommendations and affirms the denial of all three motions.

## I. Background

ATF Special Agent Brian Johnson and other members of law enforcement investigated members of the so-called Ghostface Gangsters,

a criminal street gang involved in armed-drug trafficking, drug smuggling, armed robbery, and other criminal activities. (Johnson Aff. at ¶ 3.)[1] He identified Defendant Propps as one of the seven founding members, or "pillars," of the Ghostface Gangsters. (*Id.* at ¶¶ 10, 19(j).)

Special Agent Johnson sought a search warrant for Facebook seeking information associated with Defendant's Facebook account. In his affidavit in support of the warrant, Special Agent Johnson explained Defendant's role as a founding member of the Ghostface gang and alleged that he provided large amounts of illegal drugs to fellow gang members. He explained that Ghostface gang members use Facebook (and other social media outlets) to proclaim their membership in and allegiance to the gang and to communicate with other gang members. He explained that gang members often post photos of themselves that confirm their membership in the gang, including photos with other known gang members, photos in which they are making hand signs associated with the gang, and photos showing illegal drugs and firearms. (*Id.* at ¶ 5.) Finally, he alleged that Defendant Propps appears in the profile pictures

---

[1] The Application and Affidavit for Search Warrant Special Agent Johnson submitted is found at 4:17-MC-4-WEJ (N.D. Ga.) (sealed).

of both the "Joey Propps" and "JP Propps" Facebook accounts. (*Id*. at ¶ 19(j).)

Special Agent Johnson obtained the warrant and served it on Facebook. His investigation ultimately led to the indictment of many individuals for various crimes. The United States charged Defendant Propps with conspiring with other gang members to traffic methamphetamine, in violation of 21 U.S.C. § 846. (Dkt. 279.) Defendant moved to suppress the search warrant, arguing it lacked probable cause. (Dkts. 409, 416.)

The Magistrate Judge recommended denial of Defendant Propps's motion for two reasons. First, he concluded "it was reasonable for the [issuing magistrate] to conclude that, given all the circumstances, there was a fair probability that contraband or evidence of a crime would be found in the Defendant's Facebook accounts." (Dkt. 454 at 5.) Second, he concluded that, even if the warrant lacked probable cause, the government is entitled to the good faith exception to the exclusionary rule under *United States v. Leon,* 468 U.S. 897, 925 (1984). (*Id*.)

Defendant Propps objects to the ruling, relying "on the arguments and cases cited in his amended motion." (Dkt. 467 at 1.) He also objects

3

to the Magistrate Judge's denial of his motions for a bill of particulars and to dismiss the superseding indictment on double jeopardy grounds. (*Id.* at 1–2.)

## II. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59; *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge should "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). For those findings and recommendations to which a party has not asserted objections, the court must conduct a plain error review of the record. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Parties filing objections to a magistrate's report and recommendation must specifically identify those findings to which they

object. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id*. Even so, the Court conducts a *de novo* review of Defendant Propps's motion to suppress.

As for Defendant Propps's other motions, Federal Rule of Criminal Procedure 59(a) dictates that a court may refer to a magistrate judge any matter that does not dispose of a charge or defense. FED. R. CRIM. P. 59(a). A party may object to the magistrate judge's determination on a non-dispositive issue, but the district court will modify or set aside the determination only if it is contrary to law or clearly erroneous. *See id*. The Magistrate Judge's denial of Defendant's motion for a bill of particulars is non-dispositive; thus the Court reviews it under Rule 59(a).

### A. Motions to Suppress

Defendant Propps first challenges the denial of his motion to suppress the information obtained from his Facebook accounts. Rather than identify any specific errors in the Magistrate Judge's analysis, Defendant Propps refers the Court to the arguments and cases he cited in his amended motion to suppress.

1. **Sufficiency of the Search Warrant Affidavit**

The Fourth Amendment mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV. The magistrate reviewing a warrant must make a practical, common-sense decision whether, given all the circumstances set forth in the probable cause affidavit, there is a fair probability that law enforcement will find evidence of a crime in a particular place. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see also United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). The affidavit should establish a connection between the defendant and the place law enforcement wants to search and a link between that place and any criminal activity. *See United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis' for concluding that probable cause existed . . . ." *Gates,* 462 U.S. at 250.

Courts must give "great deference" to a magistrate judge's decision and uphold a magistrate's findings even in marginal or doubtful cases. *See United States v. Nixon*, 918 F.2d 895, 900 (11th Cir. 1990). "Deference to the magistrate, however, is not boundless." *Leon*, 468 U.S.

at 914. "[R]eviewing courts will not defer to a warrant based on an affidavit that does not provide the magistrate with a substantial basis for determining the existence of probable cause." *Id.* at 915 (internal quotation marks omitted).

Here, the Court disagrees with the Magistrate Judge's conclusion that the affidavit established probable cause to conclude that law enforcement would find evidence of a crime on Defendant Propps's Facebook page. To establish probable cause, the affidavit must have linked Defendant Propps's Facebook account to the illegal conspiracy. *See United States v. Blake*, 868 F.3d 960 (11th Cir. 2017) (probable cause to search Facebook account found where account listed defendant's occupation as "Boss Lady" at "Tricks R [U]s" thereby linking account to sex-trafficking conspiracy). It does not do so. To be sure, the affidavit alleges that Ghostface Gangster members used their Facebook accounts to further the goals of the gang, posting photos or communications that might evidence criminal activity. The affidavit, however, does not allege that all gang members do this or that Defendant Propps used his Facebook account for such purposes. Similarly, the affidavit alleges that gang members often use street names in their Facebook accounts, but it

7

does not allege that either "Joey Propps" or "JP Propps" are street names that Defendant Propps uses or used when associating with Ghostface Gangsters members. (Johnson Aff. at ¶ 4). Finally, the affidavit alleges that the gang has a public Facebook account, Ghost767face family, and that many gang members are also part of that Facebook page. (*Id.* at 19(a).) But, the affidavit does not link Defendant Propps's Facebook page to the gang's page.

The affidavit simply provides no substantial basis for concluding that this individual — like other gang members — used his Facebook account in this way. Put differently, it fails to establish a nexus between the locations law enforcement intended to search and the objects it wanted to seize. *United States v. Tate*, 586 F.3d 936, 943 (11th Cir. 2009) (holding probable cause requires nexus between contraband and particular place law enforcement seeks to search).

The Court recognizes that a law enforcement officer's opinion can sometimes provide the required nexus. In a case involving drug trafficking, for example, an officer's opinion, based on his or her experience, knowledge, and training, that drug dealers often store drugs, illicit cash proceeds, and other contraband at their homes, can establish

the nexus necessary to authorize a search of a suspected drug trafficker's home. *See United States v. Joseph*, 709 F.3d 1082, 1100 (11th Cir. 2013). That is because "a police officer's expectation, based on prior experience and the specific circumstances of the alleged crime, that evidence is likely to be found in a [certain location], satisfies probable cause." *Id.* (internal quotation marks omitted); *see also Tate*, 586 F.3d at 943 (evidence that defendant has stolen materials one would normally store at home sufficient to establish probable cause).

But that rule does not apply here. Special Agent Johnson alleges that he believed Defendant Propps's Facebook page would contain evidence of gang members "discussing and/or depicting criminal activity." (Johnson Aff. at ¶ 20.) But, he professes no special training, experience, or knowledge in this area. His opinion seems to be based exclusively on the fact that some number of members "use social media outlets, particularly Facebook, as a means to proclaim their membership" and that "many" gang members post incriminating photos on their Facebook accounts. (*Id.* at ¶¶ 3(e), 5). He provides no link — through the fruits of his investigation or his own experience — to say that this particular

person, even if a member of the gang, used his Facebook account like other members did.

## 2. Whether the Exclusionary Rule Applies

Ordinarily, a court must exclude evidence obtained in violation of an individual's rights under the Fourth Amendment. *See Martin*, 297 F.3d at 1312. The exclusionary rule is a judicially created remedy to deter future Fourth Amendment violations. *Id.*

The government, however, is not barred from using evidence obtained by officers acting in reasonable reliance on a search warrant issued by a neutral magistrate, even if the search warrant is ultimately found invalid. *See Leon*, 468 U.S. at 923. The Supreme Court held that, given the goal of deterring misconduct, a court should not apply the exclusionary rule unless the application and warrant were so defective or deficient that no reasonably well-trained officer would have relied on them. *Id.* Put differently, the exclusionary rule does not apply when an officer, acting with objective good faith, obtains a search warrant from a neutral magistrate judge and acts within the scope of the warrant. *See id.* at 920–21. This good faith exception does not apply in four instances, specifically when: (1) the judicial officer issues the warrant on a

deliberately or recklessly false affidavit; (2) the judicial officer abandons his judicial role; (3) the warrant so lacks any indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant is so facially deficient that an officer could not reasonably presume it valid. *Id.* at 923.

As an alternative ground to deny Defendant Propps's motion to suppress, the Magistrate Judge ruled that the government was entitled to the benefit of the good faith exception. Because Defendant Propps did not file specific objections to the Magistrate Judge's recommendation, he has not addressed this issue.

Having fully reviewed it, the Court agrees with the Magistrate Judge. There is no evidence that Special Agent Johnson intentionally or recklessly misled the issuing magistrate judge. There also is no basis to find the magistrate judge abandoned his "judicial role" in issuing the warrant. And while the Court finds the affidavit ultimately insufficient, it was not so lacking in indicia of reliability that no reasonable agent could have believed it valid. Special Agent Johnson identified the gang's use of Facebook to communicate and showed that those communications might include evidence of a crime. He also established probable cause to

11

believe Defendant Propps was a member of the gang — indeed a founding member. It is not such a crazy leap to believe that he might have used his Facebook account for criminal purposes so that Special Agent Johnson acted unreasonably.

Indeed, one could argue that — having established the modus operandi of the gang — it was reasonable to assume other members acted in the same way. Such an assumption is not so different from the Eleventh Circuit's determination that an officer can establish the necessary nexus based on his or her opinion that people who engage in some crimes often keep instruments of those crime in their homes. It is also worth noting that the Eleventh Circuit issued its opinion in *Blake* (which involved an overt link between a suspect's Facebook account and the individual's illegal activity) five months ***after*** Special Agent Johnson received the search warrant at issue. And the Magistrate Judge who reviewed Defendant Propps's motion to suppress found the affidavit sufficient to establish probable cause even after *Blake*.

While this Court disagrees, the difference of opinion between reviewing judges bolsters the conclusion that whether the affidavit is lacking is not an open-and-shut matter. It may be lacking; but its flaws

are not so obvious that Special Agent Johnson was unreasonable in relying on it. And finally, no one claims the warrant itself was so facially deficient that the executing officers could not have presumed it to be valid. Even if probable cause did not exist to support the issuance of the warrant, suppression is inappropriate. The Court denies Defendant Propps's motion to suppress.

### B. Motion to Dismiss Superseding Indictment on Double Jeopardy Grounds

The United States did not charge Defendant Propps in Count One of the superseding indictment, which alleges a conspiracy by various members of the Ghostface Gangsters to violate federal racketeering laws. But he is mentioned in several overt acts that the government claims were part of the racketeering activity. The superseding indictment, for example, alleges that he was a founding member of the Ghostface gang. (Dkt. 279 at 9.) It also alleges that he and other members of the gang sold methamphetamine, cocaine, and pills "on numerous occasions" between 2010 and 2011 and that he possessed methamphetamine, $1800, and marijuana on November 25, 2013. (*Id.* at 16, 17.) In another overt act, it alleges that Defendant Propps participated in a "video meeting" with other gang members to discuss "gang business" on April 22, 2017.

13

(*Id.* at 25.) Finally, it alleges that, while in prison in 2017, he sent a photo of methamphetamine to another gang member and offered to sell him the drugs. (*Id.* at 26.)

The United States charged Defendant Propps in Count Two of the superseding indictment. (*Id.* at 32–34.) The United States alleged that he conspired with others to distribute and possess with the intent to distribute methamphetamine from sometime in 2002 until sometime in 2018. (*Id.*).

Defendant Propps alleges that — before his indictment in this case — authorities in Cobb and Douglas counties prosecuted him for the conduct at issue in two of the overt acts alleged as part of the racketeering offense. He also alleges that these same acts "appear" to be the basis for his indictment in Count Two. (Dkt. 407 at 3.) He claims that this violates the Double Jeopardy Clause of the Constitution. As part of this, he also claims that he cannot be sentenced to any additional time if convicted here as he will receive credit for the time served in state court for his prior convictions.

The Magistrate Judge denied Defendant Propps's motion. (Dkt. 413.) This Court also rejects it. First, it is not clear that his prior

14

convictions encompass the entirety of Defendant Propps's alleged involvement in the conspiracy at issue in Count Two. The conspiracy charge may arise from conduct apart or in addition to these two overt acts. Afterall, the racketeering charge recounts his involvement in other potential criminal activity besides the acts that led to his prior convictions. And Count Two alleges that the criminal conspiracy began years before the activity identified in these two overt acts and continued for years afterwards.

Second, current precedent from the Supreme Court and Eleventh Circuit hold that successive prosecutions by different sovereigns does not violate the Double Jeopardy Clause. *See, e.g., Abbate v. United States*, 359 U.S. 187, 195 (1959); *see also United States v. Bidwell*, 393 F.3d 1206, 1209 (11th Cir. 2004) ("The Double Jeopardy Clause does not prevent different sovereigns (i.e., a state government and the federal government) from punishing a defendant for the same criminal conduct."). The United States is a different sovereign from either Cobb or Douglas counties.

The Court understands that the Supreme Court has granted certiorari in *Gamble v. United States*, 138 S. Ct. 2707 (2018), possibly to

reconsider the so-called dual-sovereignty doctrine. But that remains the law for now and precludes Defendant Propps's double jeopardy claim. The Court also does not credit his argument that he faces no threat of additional incarceration if convicted here. The Court denies his motion to dismiss.

### C. Motion for Bill of Particulars

In his motion for a bill of particulars, Defendant Propps sought an order directing the government to identify: (1) the dates he allegedly sold or possessed methamphetamine; (2) how his actions furthered the racketeering conspiracy; (3) who approved his alleged crimes; (4) what criminal activities occurred during the video conference; (5) details about his alleged offer to supply methamphetamine; and (6) information to support his double jeopardy claim. (*See* Dkt. 406 at 2–3.) The Magistrate Judge denied his motion on September 25, 2018. (Dkt. 413). He needed to file any objections within fourteen days. FED. R. CRIM. P. 59(a). He did not do so, waiting until November 1, 2018, to object. (Dkt. 467.) He has thus waived his right to review. *See* FED. R. CRIM. P. 59(a).

Even considering the merits, Defendant Propps makes no specific objections, merely referencing "the cases cited" in his initial motion —

not helpful or persuasive. Putting that aside as well, the Court overrules his objection and denies his motion for a bill of particulars.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017) (internal quotation marks omitted). A bill of particulars "may not be used to obtain a detailed disclosure of the government's evidence prior to trial." *See United States v. Perez*, 489 F.2d 51, 70–71 (5th Cir. 1973). "Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.), *modified on reh'g*, 801 F.2d 378 (11th Cir. 1986).

The superseding indictment here provides sufficient detail and clarity to notify Defendant Propps of the charges against him so that he may prepare his defense.[2] It includes several allegations about his

---

[2] Defendant Propps does not need additional information to protect against double jeopardy in the future. The superseding indictment

membership in the gang, his sale of controlled substances, people with whom he sold controlled substances, and several dates on which law enforcement claims he did these things.

Defendant Propps's requests also seek information that is either unsuitable for a bill of particulars or not required by law. Most of his requests seek details about dates, times, locations, and actions undertaken by him, other gang members, or co-conspirators. These requests exceed the proper scope of a bill of particulars. *See United States v. Henley*, No. 1:16-cr-151, 2017 WL 2952821, at *16 (N.D. Ga. May 19, 2017) (denying motion for bill of particulars seeking details about overt acts taken to advance extortion and drug conspiracies), *adopted by* 2017 WL 2918954 (N.D. Ga. July 7, 2017); *see also United States v. Goldenshtein*, No. 1:10-cr-323, 2011 WL 1321573, at *13 (N.D. Ga. Feb.

---

alleges on-going illegal activity occurring during a sixteen-year span, thus providing broad protection from later prosecution. The Court also sees no need for additional information to avoid double jeopardy for Defendant's prior crimes. The superseding indictment — on its face — includes criminal activity far beyond his two prior state convictions. Even if it did not, the current state of the law does not block later prosecutions by separate sovereigns. If the law changes, the government will have to prove that the superseding indictment here does not violate double jeopardy given Defendant Propps's prior convictions. It seems likely the government can do so on the face of the superseding indictment.

22, 2011), *adopted by* 2011 WL 1257147 (N.D. Ga. Apr. 1, 2011) ("A bill of particulars cannot be used to ferret out additional overt acts not listed in the indictment, as long as the indictment alleges the required number of overt acts under the statute being charged.").

The Court finds that Defendant Propps has failed to carry his burden to show that additional details are necessary to enable him to prepare his defense, avoid surprise, or plead double jeopardy in a subsequent proceeding. *See United States v. Giffen*, 379 F. Supp. 2d 337, 346 (S.D.N.Y. 2004) (citation omitted) ("The ultimate test in deciding whether a bill of particulars should be ordered is whether the information sought is necessary, as opposed to helpful, in preparing a defense."). The Court denies his motion for a bill of particulars.

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART** the Magistrate Judge's recommendation about Defendant Propps's motion to suppress and **DENIES** the motion. (Dkts. 409, 416.) The Court also **DENIES** Defendant Propps's motion for bill of particulars and motion to dismiss indictment. (Dkts. 406, 407).

**SO ORDERED** this 19th day of February, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE